IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY LEE McCALL,**
     **Plaintiff,**

  **v.**          CASE NO. 12-3151-SAC

**CORRECTIONS CORPORATION
OF AMERICA, et al.,**

     **Defendants.**

**O R D E R**

This civil complaint was filed by an inmate of the Federal Correctional Institution, Adelanto, California. It was originally filed in the Eastern District of California, but was transferred to this judicial district. Having examined the materials filed the court finds as follows.

Mr. McCall asserts jurisdiction under several provisions including 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Federal Tort Claims Act, 28 U.S.C. § 2671 – 2680 et seq. He names as defendants: Corrections Corporation of America (CCA), United States Marshal Service (USMS), United States of America, and "John/Jane Doe Health Care Provider." He seeks injunctive relief and money damages.

As the factual background for this complaint, Mr. McCall alleges that he was injured while using an exercise machine at the CCA facility in Leavenworth, Kansas, in 2003. The court takes judicial notice of prior cases filed by Mr. McCall. From these records, the

court finds that Mr. McCall has long been designated a three-strikes litigant.[1] Moreover, Mr. McCall has litigated the same claims he raises in this complaint in prior actions. For example, in *McCall v. John Doe, Director of CCA*, No. 04-3050-GTV (D.Kan. April 27, 2004), the court found "no evidence that plaintiff is in imminent danger of serious physical harm, as he no longer is incarcerated in the facility where he alleges he was injured on exercise equipment." *See also Mcall v. Doe*, No. 04-3011-GTV (D. Kan. March 17, 2004)(no evidence that plaintiff is in imminent danger of serious physical harm); Complaint (Doc. 1) Attachment (Memorandum Decision) *McCall v. Doe,* Case No. 2004CV209 (Leav. Co., Feb. 3, 2005)(same claim dismissed on defendants' motion for summary judgment as plaintiff failed to present evidence of crucial elements of his claim).

As Mr. McCall has been informed in many prior cases, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. McCall is therefore required to "pay up front for the privilege

---

[1] The cases that have been identified as the basis for plaintiff's three-strikes designation are: Case No. 02-3184-GTV, McCall v. Johnson County Sheriff Department (D. Kan. 2/24/03)(dismissed for failure to state a claim for relief), aff'd, 71 Fed. Appx. 30, 2003 WL 21716433 (10th Cir. 2003); Case No. 02-3185 McCall v. Keefe Supply Company (D. Kan. 2/24/03)(dismissed for failure to state a claim for relief), aff'd, 71 Fed. Appx. 779, 2003 WL 21716435 (10th Cir. 2003); and Case No. 03-00015-FJG, McCall v. Whipple (W.D. Mo.2/11/03)(dismissed as frivolous).

of filing . . . any additional civil actions" unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999). The court finds no evidence in plaintiff's allegations or exhibits that he is in imminent danger of serious physical injury. His exhibits indicate that he is receiving medical treatment. Accordingly, Mr. McCall may proceed in this action only if he pays the filing fee of $350.00 for filing a civil complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to submit the $350.00 filing fee; and that failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2012, at Topeka, Kansas.

                                s/Sam A. Crow
                                U. S. Senior District Judge